

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER RICHARDS, ) | |
| ) | |
| Appellant-Plaintiff, ) | |
| ) | Civil Action No. 08 C 972 |
| v. ) | |
| ) | Honorable Charles R. Norgle |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security ) | On remand from Court of Appeals |
| ) | No. 09-2595 |
| Appellee-Defendant. ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (2006). For the following reasons, Plaintiff's Motion is granted in part and denied in part.

## I. INTRODUCTION

### A. Facts

Plaintiff Jennifer Richards ("Richards") applied for Social Security disability insurance benefits after undergoing successful surgery for a retinal tear in the right eye. Although the surgery was successful, Richards claimed that she was disabled by the eye impairment. The agency reviewed her medical records regarding her eye impairment and found that her visual limitations called for avoiding concentrated exposure to hazards, but ultimately concluded that she was not disabled. Richard's application was denied, and she requested a hearing before an administrative law judge ("ALJ") and amended her application to include claims of disabling depression and anxiety. Richards submitted evidence to support her new claims, including

1

medical treatment records from Richard's two therapists. The ALJ discredited Richard's testimony and concluded that she was not disabled.

**B. Procedural History**

Richards appealed the ALJ's decision to the Northern District of Illinois, and this Court upheld the ALJ's decision, finding that it was supported by substantial evidence. Richards v. Astrue, No. 08-972, slip op. at 11 (N.D. Ill. Apr. 21, 2009). Richards filed an appeal with the Court of Appeals for the Seventh Circuit. See Richards v. Astrue, 370 F. App'x 727, 728 (7th Cir. 2010). The Seventh Circuit vacated and remanded the decision, noting that the ALJ failed to follow the "special method" or obtain an expert opinion that was required to establish the logical bridge from the evidence to the ALJ's conclusion. Id. at 731.

As a "prevailing plaintiff," Richards filed this Motion for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). In total, Richards seeks $21,896.26 in attorney's fees. The Defendant, the Commissioner of the Social Security Administration (the "Commissioner"), argues that the Commissioner's litigation position was "substantially justified," and therefore Richard's is not entitled to attorney's fees. The Commissioner argues in the alternative that the requested fees are unreasonable and should be reduced.

## II. DISCUSSION

**A. Substantial Justification**

Reasonable attorney's fees shall be awarded to a prevailing party, unless "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, eligibility for attorney's fees is established when four conditions are met: (1) the claimant is a "prevailing party"; (2) the government's position was not substantially justified; (3) special circumstances do not exist that would make an award

2

unjust; and (4) the fee application is submitted to the court with an itemized statement within thirty days of final judgment. Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009). The parties do not dispute that § 2412 applies, that Richard's is a "prevailing party," that special circumstances do not exist that would make an award unjust, and that the fee application and itemized statement were timely filed. As to the eligibility for attorney's fees, the only dispute is whether the Commissioner's position was substantially justified.

The government bears the burden of proving that its position was substantially justified. Cunningham v. Barnhart, 440 F.3d 862, 864 (7th Cir. 2006). The government's position is viewed in terms of the overall conduct in the context of the entire civil action. Stewart, 561 F.3d at 683. The position of the government encompasses both the pre-litigation conduct, including the ALJ's decision, and the position of the Commissioner throughout litigation. Id. Substantially justified means a position that is "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1998). The government's position can be substantially justified, however, even though it is ultimately incorrect. Id. at 566 n.2. Substantially justified means that the government's overall conduct: (1) has a reasonable factual and legal basis; and (2) provides a reasonable connection between the facts and legal theory propounded. Cunningham, 440 F.3d at 864.

The appellate court's view of the merits of the case must be the premise for evaluating the Commissioner's position. United States v. Thouvenout, Vade & Moerschen, Inc., 596 F.3d 378, 384 (7th Cir. 2010). If it is apparent from the appellate court's opinion that this was a close case, then the Commissioner's position can be substantially justified. Id. But if the appellate court's opinion provides strong language against the government's merits position on a key

3

issue, this shows evidence in support of an award of EAJA fees. Id.; Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004).

Here, the Seventh Circuit's discussion of the merits shows strong indicators of the unreasonableness of the ALJ's decision and the Commissioner's arguments. The Seventh Circuit pointed to three errors in the ALJ's determination: (1) the ALJ failed to use the special technique; (2) the evidence in the record did not support the ALJ's credibility determination; and (3) the ALJ's analysis of the residual functional capacity was flawed. Richards, 370 F. App'x at 730–733. The court remarked: "Although the government insists that the ALJ followed the special technique, it is clear that she did not, at least not to the letter." Id. at 730. The court determined that this was not "harmless error" where the evidence in the record did not support the ALJ's determinations. Id. at 730–31 ("[T]he need for additional evidence about the limiting effects of Richards's depression and anxiety was apparent."). The Seventh Circuit was "troubled" by the ALJ's credibility determinations, not only for the ALJ's failure to adequately explain various determinations, but also that the ALJ "mischaracterize[d] the record," made a "significant overstatement" of the evidence, and reached conclusions that were not supported by the evidence. Id. at 731–32. Due to an absence of evidence, the appellate court suggested that the agency "should reevaluate Richards's mental limitations and residual functional capacity with the benefit of an expert opinion and reassess Richards's credibility in the light of the entire record." Id. at 733.

The Commissioner argues that his position was substantially justified because the evidence in the record provided a rational basis for the ALJ's conclusion. Def.'s Resp. to Pl.'s Mot. 3–8. The ALJ's determinations were based on evidence in the record and the Commissioner's defense of that determination was based on that same evidence. Id. The

Commissioner analogizes his position to that of Stein v. Sullivan, 966 F.2d 317 (7th Cir. 1992), suggesting that the ALJ's errors were those of adequate articulation rather than those that lack support in the record. Def.'s Resp. to Pl.'s Mot. 7. The Commissioner further argues that the ALJ's failure to use the special technique was harmless error in light of the evidence and Richard's late modifications to her disability claims. Id. at 5.

The Commissioner's arguments and analogy to Stein are unconvincing. In Stein, medical evidence existed in the record which supported the ALJ's determination, but the ALJ failed to specifically discuss or analyze any of the medical evidence. Stein v. Sullivan, 892 F.2d 43, 47 (7th Cir. 1989); see Stein, 966 F.2d at 320. There, the Seventh Circuit noted that the relevant evidence had not been addressed in the ALJ's reasoning; the court did not suggest that any evidence was missing. Stein, 892 F.2d at 47; see Stein, 966 F.2d at 320. Here, the ALJ's error was not a lack of articulation, but a lack of any evidence to support the ALJ's conclusions. See Richards, 370 F. App'x at 731 ("In the absence of any expert foundation for these ratings, we cannot discern the necessary logical bridge from the evidence to the ALJ's conclusions."). Even though the ALJ may have referenced some evidence that existed in the administrative record, the ALJ unreasonably relied on the evidence by mischaracterizing it, improperly discrediting it, and failing to provide a proper expert foundation. Id. at 732. Given these significant shortfalls, the Commissioner has failed to meet its burden of showing that its overall position was substantially justified. Plaintiff is therefore entitled to reasonable attorney's fees.

## B. Reasonable Fees

Having determined that Plaintiff is entitled to attorney's fees, the Court must determine whether the requested fees are reasonable. If the Commissioner's position is not substantially justified, Plaintiff is entitled to reasonable attorney's fees. 28 U.S.C. § 2412(d)(1)(A). Hourly

5

rates are not to exceed $125, unless the court determines that an increased cost of living justifies a higher fee. Id. § 2412(d)(2)(A). Plaintiff has the burden of proving that the requested EAJA fees are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) (setting forth a multi-factor test for evaluating the reasonableness of attorney's fees under the Civil Rights Act); Harris v. Astrue, No. 08-cv-1893, 2009 WL 1684576, at *3 (N.D. Ill. June 15, 2009) (applying Hensley's analysis to an EAJA ward). In general, reasonable attorney's fees are fees that are reasonably billed to one's client. Hensley, 461 U.S. at 434; Spegnon v. Catholic Bishop of Chi., 175 F.3d 544, 553 (7th Cir. 1999). Hours that could be delegated to a non-attorney should not be billed at an attorney rate. Spegnon, 175 F.3d at 553. Merely clerical or secretarial tasks should not be billed. Id. "[T]he district court has discretion in determining the amount of a fee award." Hensley, 461 at 437. If reducing a fee award, the district court must provide a clear and concise explanation for its reasons. Harper v. City of Chi. Heights, 223 F.3d 593, 605 (7th Cir. 2000).

Plaintiff has submitted documents to the Court that itemize the hours spent and associated fees. Pl.'s Mot. for Att. Fees app. 2–5. The Commissioner does not dispute the accuracy of these documents or the reasonableness of the tasks recorded. Rather, he contends that the time recorded and rate charged are unreasonable for the type of work performed. Def.'s Resp. to Pl.'s Mot. 8–10. The Court agrees with the Commissioner that Ms. Goldbloom's clerical and secretarial tasks should not be billed. Ms. Goldbloom's 0.28 hours for receipt of bound copies and "uploading with help" a document to the court's website; 2.3 hours spent on appendix creation, brief printing, and document uploading; and .07 hours spent electronically mailing the court about her intent to present oral argument constitute clerical tasks that should not be billed. See Spegnon, 175 F.3d at 553. Thus, the fees should be reduced by $495.08 to exclude these

2.87 hours of clerical tasks that were billed at an attorney rate of $172.50 per hour.[1] The Court disagrees with the Commissioner's argument that Ms. Blaz's activities were only clerical in nature. Instead, her activities were more closely associated with that of a paralegal. As Ms. Blaz has performed paralegal tasks and is not an attorney, the non-attorney rate of $100 per hour should apply to her hours. Thus, the fee should be further reduced by $97.50 reflecting the difference in the $125 rate for a "law clerk with J.D. honors" to a $100 rate for a paralegal. Accordingly, the requested $21,896.26 in attorney's fees is reduced by $592.58 to a total of $21,303.68.

### III. CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's position was not substantially justified. The Plaintiff's Motion for Fees is granted in part and denied in part. Plaintiff Richards is awarded fees in an amount of $21,303.68.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: Feb. 16, 2011

---

[1] Although $172.50 is above the statutory limit of $125, the Court allows the cost of living increase supplied by the Plaintiff. Pl.'s Mot. for Att. Fees App.1. Considering the cost of living increase, an attorney rate of $172.50 per hour is reasonable.